# EXHIBIT A

RESNICK LAW
175 Derby Street, Unit 8
Hingham, MA 02043

120225-16721

SCANNED

DEC 0 2 2025

SCANNED BY CZ

$1.320
US POSTAGE IMI
FIRST-CLASS
063S0008053747
FROM 02043
B49346 18

$1.320
US POSTAGE IMI
FIRST-CLASS
063S0008053747
FROM 02043
B49346 15

Amazon.com, Inc.
Person-in-Charge / Legal
410 Terry Ave
N. Seattle, Washington 98109

RA

DEC - 2 2025

22

**NOTES:** Due to the size of the original document, we were unable to scan all of the pages. We hold physical correspondence for 60 days before discarding them. Please contact legal-mail@amazon.com to retrieve the physical copy.

Thank you!

Amazon Legal Correspondence Team

**Law Office of Shannon D. Resnick, P.C.**
**175 Derby Street, Unit 8, Hingham, MA 02043**
**Tel. 508.697.6211**
**Fax 508.697.8511**
**sresnick@resnicklawoffices.com**

**LAW OFFICE OF**
**SHANNON D. RESNICK, P.C.**
**SHANNON D. RESNICK***
*MEMBER MASSACHUSETTS BAR

November 21, 2025

VIVI Bike, LLC
5521 Schaefer Ave
Chino, California 91710

VIVI Brand
5521 Schaefer Ave
Chino, California 91710

VIVI Bike
6/F Manulife Place,
348 Kwun Tong Road, Kowloon,
Hong Kong,
People's Republic of China

Amazon.com, Inc.
410 Terry Ave
N. Seattle, Washington 98109

Guangzhou Plenty Bicycle Co, Ltd
105No 11 Mailing Huang Jingtang Village,
Huadong Town, Huadu District, Guangzhoucn,
People's Republic of China

Shenzhen Xinneng Dynamic Power Co., Ltd
2801, Building A, Nanxingheshiji Building,
Jiaojiexi, Caitian Road and Shennan Avenue
Fut ian Sub-District, Futian District
Shenzhen, Guangdong Province, People's
Republic of China

Courtesy Copy to:
Rich Shuster
Matthiesen Wickert & Lehrer, S.C.
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027

**Re: Vermont Mutual Insurance Co. (as subrogee of Highland Realty Trust, LLC) vs. VIVI Bike, et al**
**Suffolk County, Superior Court– Civil Action No.: 2484CV03345**

Dear Sir/Madam,

Enclosed for please find:

1. Plaintiff Vermont Mutual's Motion to Amend Complaint to name Additional Defendants Amazon.com, Inc. and Shenzhen Binxin Household Co., Ltd., d/b/a VIVI E-bikes, of China

Please note that this Motion is being served upon you in accordance with Superior Court Rule 9A. Please forward any opposition thereto within ten (10) days. I will provide copies of all documents thereafter filed with the Court on the Motion.

Very truly yours,

***/s/ Shannon D. Resnick***

Shannon D. Resnick, Esq.

Enclosures
VM24-044

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO. 2484CV03345

VERMONT MUTUAL INSURANCE CO. (as subrogee of Highland Realty Trust),

Plaintiff

vs.

VIVI BIKE, VIVI BIKE, LLC, VIVI BRAND, GUANGZHOU PLENTY BICYCLE CO, LTD, SHENZHEN XINNENG DYNAMIC POWER CO., LTD, and "JOHN DOE"

Defendants

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

NOW COMES the Plaintiff Vermont Mutual Insurance Company (as subrogee of Highland Realty Trust) (the "Plaintiff"), and hereby move pursuant to Mass. R. Civ. P. Rule 15(a) to amend the Complaint to add additional defendants to the Plaintiff's Complaint. A copy of the Second Amended Complaint with Jury Demand is attached hereto as Exhibit A.

AS GROUNDS THEREFORE, Plaintiff states as follows:

1. On or about December 26, 2024, this pending action was filed by the plaintiff. A First Amended Complaint was filed on or about November 14, 2025. The First Amended Complaint only corrected a typo in the address for Defendant Shenzhen Xinneng Dynamic Power Co., LTD.

2. The Plaintiff has effectuated service on Defendants Vivi Bike, LLC and Vivi Brand. Neither Defendant has answered the Complaint and were defaulted.

3. The Plaintiff effectuated service to the oversees Defendant Guangzhou Plenty Bicycle, Co. LTD through the assistance and service of a third-party vendor, following protocol for service Hague Convention, which allows for service of process under Article 5. Plaintiff has filed the return of service with a certificate of translation of the documents received from the Central Registry in China.

4. The Plaintiff has to file the First Amended Complaint to correct a typo in the address for Defendant Shenzhen Xinneng Dynamic Power Co., LTD as the Hong Kong Central

Authority rejected service for this typo in the Complaint. The Amended Complaint has been re-sent for service and acceptance by the Hong Kong Central Authority.

5. Plaintiff has discovered that the U.S. Consumer Product Safety Commission has issued a recall of Vivi e-bikes in July 2025. The recall notice lists Shenzhen Binxin Household Co., Ltd., d/b/a VIVI E-bikes, of China as the distributor of the product. The Plaintiff seeks to amend the complaint to add this Defendant. Exhibit B.

6. Plaintiff received confirmation of the purchase of the e-bike from Amazon, (Order # 114-49835507-8549867), and seeks to add claims of negligence and breach of warranty against Amazon. Exhibit C.

7. In Massachusetts, it is "well settled that a party may amend its pleading by leave of court and that such leave 'shall be freely given when justice so requires.'" Sharon v. City of Newton, 437 Mass. 99, 102, 769 N.E.2d 738, 742 (2002) (quoting Mass. R. Civ. P. 15(a)). Although a motion to amend is addressed to the sound discretion of the trial judge, the motion should generally be allowed absent a showing by the opposing party of prejudice or some other extenuating circumstance to justify the denial of the motion. See Castellucci v. United States Fidelity & Guaranty Co., 372 Mass 285, 289 (1977); see also Tracy v. Curtis, 10 Mass. App. Ct. 19, 25-26 (1980) (reversing denial of the plaintiff's motion for leave to amend complaint where amendment would not prejudice the defendant).

8. This Motion to Amend the Complaint will not result in prejudice to the Defendants as no party has answered the Plaintiff's complaint.

9. A proposed Second Amended Complaint and Jury Demand is attached hereto as Exhibit A.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court allow the Plaintiff's Motion to Amend the Complaint.

Respectfully submitted,

Dated: November 21, 2025

Respectfully Submitted,
The Plaintiff
By its Attorney,

***/s/ Shannon D. Resnick***

Shannon D. Resnick, Esq. (BBO #691375)
Law Office of Shannon D. Resnick, P.C.
175 Derby Street, Unit 8, Hingham, MA 02043
(508) 697-6211 (508) 697-8511 - Fax
sresnick@resnicklawoffices.com

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the forgoing MOTION TO AMEND has been served on this 21st day of November 2025, by first-class mail to the following counsel of record:

VIVI Bike, LLC
5521 Schaefer Ave
Chino, California 91710

VIVI Brand
5521 Schaefer Ave
Chino, California 91710

VIVI Bike
6/F Manulife Place,
348 Kwun Tong Road, Kowloon,
Hong Kong,
People's Republic of China

Guangzhou Plenty Bicycle Co, Ltd
105No 11 Mailing Huang Jingtang Village,
Huadong Town, Huadu District, Guangzhoucn,
People's Republic of China

Shenzhen Xinneng Dynamic Power Co., Ltd
2801, Building A, Nanxingheshiji Building,
Jiaojiexi, Caitian Road and Shennan Avenue,
Fut ian Sub-District, Futian District Shenzhen,
Guangdong Province, People's Republic of China

Amazon.com, Inc.
410 Terry Ave
N. Seattle, Washington 98109

Shenzhen Binxin Household Co., Ltd., d/b/a VIVI E-bikes, of China
Mainland China at Rm.201, Bldg.3, Lane 9, Shangmugu Village,
Pinghu Street, Longgang District Shenzhen, Guangdong Province,
People's Republic of China

Courtesy Copy to:
Rich Shuster
Matthiesen Wickert & Lehrer, S.C.
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027

**/s/ Shannon D. Resnick**
______________________________
Shannon D. Resnick

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO. 2484CV03345

VERMONT MUTUAL INSURANCE CO.
(as subrogee of Highland Realty Trust),

Plaintiff

vs.

VIVI BIKE, VIVI BIKE, LLC, VIVI BRAND,
GUANGZHOU PLENTY BICYCLE CO, LTD,
SHENZHEN XINNENG DYNAMIC POWER CO., LTD,
SHENZHEN BINXIN HOUSEHOLD CO., LTD.,
D/B/A VIVI E-BIKES, OF CHINA,
AMAZON.COM, INC. and "JOHN DOE"

Defendants

**SECOND AMENDED COMPLAINT**

PARTIES

1. The Plaintiff Vermont Mutual Insurance Company, (hereinafter "Vermont Mutual") is a duly organized corporation doing business as an insurance company within the Commonwealth of Massachusetts with a place of business located at 89 State Street, P.O. Box 188, Montpelier, Vermont 05601.

2. At all times relevant to this complaint Highland Realty Trust, LLC (hereinafter "Highland Realty Trust"), maintained a policy of insurance on its property located at 74 Locust Street, Winthrop, Massachusetts.

3. Vermont Mutual made payments to or on behalf of Highland Realty Trust under its respective insurance policy for property damage and related losses, and now stands subrogated to the extent of said payments.

4. The Defendant VIVI Bike (hereinafter "Vivi Bike") was at all times relevant hereto a foreign business is legally registered in Mainland China doing business within the Commonwealth and/or derived substantial revenue from goods or services used or consumed within the Commonwealth with its principal place of business located at 6/F Manulife Place, 348 Kwun Tong Road, Kowloon, Hong Kong, People's Republic of China.

5. The Defendant VIVI Bike, LLC (hereinafter "VIVI Bike, LLC") was at all times relevant hereto a foreign business doing business within the Commonwealth and/or derived substantial revenue from goods or services used to consumed within the Commonwealth

with its principal place of business last known to be 5521 Schaefer Ave, Chino, California 91710.

6. The Defendant VIVI Brand (hereinafter "VIVI") was at all times relevant hereto a foreign business doing business within the Commonwealth and/or derived substantial revenue from goods or services used to consumed within the Commonwealth with its principal place of business last known to be 5521 Schaefer Ave, Chino, California 91710.

7. The Defendant Guangzhou Plenty Bicycle Co, Ltd (hereinafter "Guangzhou Plenty Bicycle"), is legally registered in Mainland China at 105No 11 Mailing Huang Jingtang Village, Huadong Town, Huadu District, Guangzhoucn, People's Republic of China.

8. The Defendant Shenzhen Xinneng Dynamic Power Co., Ltd (hereinafter "Shenzhen Xinneng Dynamic Power") is legally registered in Mainland China at 2801, Building A, Nanxingheshiji Building, Jiaojiexi, Caitian Road and Shennan Avenue, Fut ian Sub-District, Futian District Shenzhen, Guangdong Province, People's Republic of China.

9. Shenzhen Binxin Household Co., Ltd., d/b/a VIVI E-bikes, of China (hereinafter "Shenzhen Binxin Household") is legally registered in Mainland China at Rm.201, Bldg.3, Lane 9, Shangmugu Village, Pinghu Street, Longgang District Shenzhen, Guangdong Province, People's Republic of China.

10. The Defendant Amazon.com, Inc. (hereinafter "Amazon") was at all times relevant hereto a foreign corporation with headquarters located at 410 Terry Ave N. Seattle, Washington 98109.

11. The Defendant "John Doe" was at all times relevant hereto a business or person operating a business as "Vivi" with an unknown last address.

## FACTS

12. On or about December 31, 2021, a property loss occurred at the property located at 74 Locust Street, Winthrop, Commonwealth of Massachusetts (hereinafter "Property Loss").

13. A VIVI brand electric (e-bike) was being charged at the Property on or about December 31, 2021. The product caught fire, resulting in the Property Loss.

14. The e-bike was purchased online from Amazon (Order # 114-49835507-8549867).

15. The e-bike was a "Vivi" electric (e-bike).

16. Vivi operates a webpage which does not list a company address. Social media for the Vivi brand lists addresses in California and China.

17. Photographs of Vivi e-bike show batteries or components of the e-bike bearing identifications of "Shenzhen Xinneng Dynamic Power" and "Guangzhou Plenty Bicycle".

18. Upon information and belief from counsel for Vivi, Vivi is a brand and not associated with a manufacturer.

19. Upon information and belief, "John Doe" is a business or person operating or doing business as "Vivi" or "Vivi Brand" which sold, manufactured or otherwise distributed the subject e-bike.

20. The U.S. Consumer Product Safety Commission issued a recall of Vivi e-bikes in July 2025.

21. As a result of the subject Property Loss, the premises and property of Highland Realty Trust were substantially damaged.

22. Following the Property Loss, Highland Realty Trust submitted a claim with the Plaintiff for property damage and related losses.

23. As a result of the subject Property Loss, there was property damage in the amount of Six Hundred Forty-Four Thousand One Hundred Sixteen Dollars and Fourteen Cents ($644,116.14).

24. In accordance with the terms and conditions of the policy of insurance, the Plaintiff paid its Highland Realty Trust as its insured, or has paid on behalf its insured, Six Hundred Forty-Four Thousand One Hundred Sixteen Dollars and Fourteen Cents ($644,116.14)as a result of the subject Property Loss for which it now stands subrogated to the rights of its insured to the extent of said payments.

## COUNT ONE - NEGLIGENCE/GROSS NEGLIGENCE
VIVI Bike

25. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 21 as if specifically set forth herein.

26. The subject Property Loss and resulting damages were the direct and proximate result of Defendant VIVI Bike's negligence and/or gross negligence in the following:

a. Failing to properly design the e-bike battery and its component parts;
b. Failing to properly manufacture the e-bike battery;
c. Failing to properly test the e-bike battery to assess, determine, eliminate and or reduce the risk of likelihood of malfunction and fire;
d. Placing the e-bike into trade for consumer use for a product Defendant VIVI Bike knew or should have known was unreasonably dangerous and unsafe;
e. Marketing and misrepresenting that the Defendant VIVI Bike e-bike was safe;

f. Failing to make appropriate recommendations concerning the use of maintenance of the e-bike;
g. Failing to warn users of the e-bike of a dangerous condition; and
h. Failing to act reasonably.

27. Defendant VIVI Bike's negligent and/or grossly negligent act(s) directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

<u>COUNT TWO – BREACH OF WARRANTY</u>
VIVI Bike

28. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 27 as if specifically set forth herein.

29. The Defendant VIVI Bike designed, manufactured, packaged, labeled, sold, supplied and distributed the e-bike and impliedly warranted that the e-bike was of merchantable quality, safe, reasonable fit for its intended uses and free of any defects.

30. The Defendant VIVI Bike knew or should have known that consumers of the e-bike relied on the implied warranty of merchantability made by VIVI Bike.

31. The Defendant VIVI Bike breached the implied warranty by failing to ensure the e-bike was safe, fit for its intended purposes and free of any defects.

32. Defendant VIVI Bike's breach of the implied warranty of merchantability directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

<u>COUNT THREE - NEGLIGENCE/GROSS NEGLIGENCE</u>
VIVI Bike, LLC

33. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 32 as if specifically set forth herein.

34. The subject Property Loss and resulting damages were the direct and proximate result of Defendant VIVI Bike, LLC's negligence and/or gross negligence in the following:

a. Failing to properly design the e-bike battery and its component parts;
b. Failing to properly manufacture the e-bike battery;
c. Failing to properly test the e-bike battery to assess, determine, eliminate and or reduce the risk of likelihood of malfunction and fire;
d. Placing the e-bike into trade for consumer use for a product Defendant VIVI Bike, LLC knew or should have known was unreasonably dangerous and unsafe;

e. Marketing and misrepresenting that the Defendant VIVI Bike, LLC e-bike was safe;
f. Failing to make appropriate recommendations concerning the use of maintenance of the e-bike;
g. Failing to warn users of the e-bike of a dangerous condition; and
h. Failing to act reasonably.

35. Defendant VIVI Bike, LLC's negligent and/or grossly negligent act(s) directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

COUNT FOUR – BREACH OF WARRANTY
VIVI Bike, LLC

36. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 35 as if specifically set forth herein.

37. The Defendant VIVI Bike, LLC designed, manufactured, packaged, labeled, sold, supplied and distributed the e-bike and impliedly warranted that the e-bike was of merchantable quality, safe, reasonable fit for its intended uses and free of any defects.

38. The Defendant VIVI Bike, LLC knew or should have known that consumers of the e-bike relied on the implied warranty of merchantability made by VIVI Bike, LLC.

39. The Defendant VIVI Bike, LLC breached the implied warranty by failing to ensure the e-bike was safe, fit for its intended purposes and free of any defects.

40. Defendant VIVI Bike, LLC's breach of the implied warranty of merchantability directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

COUNT FIVE - NEGLIGENCE/GROSS NEGLIGENCE
VIVI Brand

41. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 40 as if specifically set forth herein.

42. The subject Property Loss and resulting damages were the direct and proximate result of Defendant VIVI Brand's negligence and/or gross negligence in the following:

a. Failing to properly design the e-bike battery and its component parts;
b. Failing to properly manufacture the e-bike battery;
c. Failing to properly test the e-bike battery to assess, determine, eliminate and or reduce the risk of likelihood of malfunction and fire;
d. Placing the e-bike into trade for consumer use for a product Defendant VIVI Brand knew or should have known was unreasonably dangerous and unsafe;

e. Marketing and misrepresenting that the Defendant VIVI Brand e-bike was safe;
f. Failing to make appropriate recommendations concerning the use of maintenance of the e-bike;
g. Failing to warn users of the e-bike of a dangerous condition; and
h. Failing to act reasonably.

43. Defendant VIVI Brand's negligent and/or grossly negligent act(s) directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

COUNT SIX – BREACH OF WARRANTY
VIVI Brand

44. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 43 as if specifically set forth herein.

45. The Defendant VIVI Brand designed, manufactured, packaged, labeled, sold, supplied and distributed the e-bike and impliedly warranted that the e-bike was of merchantable quality, safe, reasonable fit for its intended uses and free of any defects.

46. The Defendant VIVI Brand knew or should have known that consumers of the e-bike relied on the implied warranty of merchantability made by VIVI Brand.

47. The Defendant VIVI Brand breached the implied warranty by failing to ensure the e-bike was safe, fit for its intended purposes and free of any defects.

48. Defendant VIVI Brand's breach of the implied warranty of merchantability directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

COUNT SEVEN - NEGLIGENCE/GROSS NEGLIGENCE
Guangzhou Plenty Bicycle

49. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 48 as if specifically set forth herein.

50. The subject Property Loss and resulting damages were the direct and proximate result of Defendant Guangzhou Plenty Bicycle's negligence and/or gross negligence in the following:

a. Failing to properly design the e-bike battery and its component parts;
b. Failing to properly manufacture the e-bike battery;
c. Failing to properly test the e-bike battery to assess, determine, eliminate and or reduce the risk of likelihood of malfunction and fire;

d. Placing the e-bike into trade for consumer use for a product Defendant Guangzhou Plenty Bicycle knew or should have known was unreasonably dangerous and unsafe;
e. Marketing and misrepresenting that the Defendant Guangzhou Plenty Bicycle e-bike was safe;
f. Failing to make appropriate recommendations concerning the use of maintenance of the e-bike;
g. Failing to warn users of the e-bike of a dangerous condition; and
h. Failing to act reasonably.

51. Defendant Guangzhou Plenty Bicycle's negligent and/or grossly negligent act(s) directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

<u>COUNT EIGHT – BREACH OF WARRANTY</u>
Guangzhou Plenty Bicycle

52. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 51 as if specifically set forth herein.

53. The Defendant Guangzhou Plenty Bicycle designed, manufactured, packaged, labeled, sold, supplied and distributed the e-bike and impliedly warranted that the e-bike was of merchantable quality, safe, reasonable fit for its intended uses and free of any defects.

54. The Defendant Guangzhou Plenty Bicycle knew or should have known that consumers of the e-bike relied on the implied warranty of merchantability made by VIVI Brand.

55. The Defendant Guangzhou Plenty Bicycle breached the implied warranty by failing to ensure the e-bike was safe, fit for its intended purposes and free of any defects.

56. Defendant Guangzhou Plenty Bicycle's breach of the implied warranty of merchantability directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

<u>COUNT NINE - NEGLIGENCE/GROSS NEGLIGENCE</u>
Shenzhen Xinneng Dynamic Power

57. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 56 as if specifically set forth herein.

58. The subject Property Loss and resulting damages were the direct and proximate result of Defendant Shenzhen Xinneng Dynamic Power's negligence and/or gross negligence in the following:

a. Failing to properly design the e-bike battery and its component parts;
b. Failing to properly manufacture the e-bike battery;

c. Failing to properly test the e-bike battery to assess, determine, eliminate and or reduce the risk of likelihood of malfunction and fire;
d. Placing the e-bike into trade for consumer use for a product Defendant Shenzhen Xinneng Dynamic Power knew or should have known was unreasonably dangerous and unsafe;
e. Marketing and misrepresenting that the Defendant Shenzhen Xinneng Dynamic Power e-bike was safe;
f. Failing to make appropriate recommendations concerning the use of maintenance of the e-bike;
g. Failing to warn users of the e-bike of a dangerous condition; and
h. Failing to act reasonably.

59. Defendant Shenzhen Xinneng Dynamic Power's negligent and/or grossly negligent act(s) directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

<u>COUNT TEN – BREACH OF WARRANTY</u>
Shenzhen Xinneng Dynamic Power

60. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 59 as if specifically set forth herein.

61. The Defendant Shenzhen Xinneng Dynamic Power designed, manufactured, packaged, labeled, sold, supplied and distributed the e-bike and impliedly warranted that the e-bike was of merchantable quality, safe, reasonable fit for its intended uses and free of any defects.

62. The Defendant Shenzhen Xinneng Dynamic Power knew or should have known that consumers of the e-bike relied on the implied warranty of merchantability made by VIVI Brand.

63. The Defendant Shenzhen Xinneng Dynamic Power breached the implied warranty by failing to ensure the e-bike was safe, fit for its intended purposes and free of any defects.

64. Defendant Shenzhen Xinneng Dynamic Power's breach of the implied warranty of merchantability directly and proximately caused the subject loss, which caused the property damage and related losses sustained by Vermont Mutual's insured.

<u>COUNT ELEVEN - NEGLIGENCE/GROSS NEGLIGENCE</u>
Shenzhen Binxin Household Co., Ltd., d/b/a VIVI E-bikes, of China

65. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 64 as if specifically set forth herein.